UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOLORES C. OMOREBOKHAE,

Plaintiff,

- against -

U-HAUL CO. OF NEW JERSEY, INC., and
U-HAUL INTERNATIONAL, INC.,

Defendants.

---

Docket No. 08-CV-1512

**DEFENDANT U-HAUL CO. OF
NEW JERSEY, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES**

Defendant, U-Haul Co. of New Jersey, Inc., by and through its attorneys, as and for its

Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

1.    U-Haul Co. of New Jersey, Inc. lacks knowledge and information sufficient to

form a belief as to the allegations contained in paragraph 1 and therefore denies same.

2.    U-Haul Co. of New Jersey, Inc. admits that U-Haul Co. of New Jersey, Inc. is

incorporated in the State of New Jersey and is authorized to and does rent trucks, trailers, moving

equipment and storage in the State of New Jersey. U-Haul Co. of New Jersey, Inc. also admits

that U-Haul International, Inc. is incorporated in the State of Arizona. U-Haul Co. of New

Jersey, Inc. denies the remaining allegations contained in paragraph 2. To the extent that any of

the allegations contained in paragraph 2 contain legal questions, U-Haul Co. of New Jersey, Inc.

neither admits nor denies said allegations but directs all questions of law to the Court upon the

trial of this matter. To the extent that those allegations could be interpreted to require a response,

U-Haul Co. of New Jersey, Inc. denies said allegations.

3.      U-Haul Co. of New Jersey, Inc. admits the allegations contained in paragraph 3.

4.      U-Haul Co. of New Jersey, Inc. admits the allegations contained in paragraph 4.

5.      U-Haul Co. of New Jersey, Inc. lacks knowledge and information sufficient to form a belief as to the allegations contained in paragraph 5 and therefore denies same.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

6.      U-Haul Co. of New Jersey, Inc. adopts and incorporates by reference its answers to paragraphs 1-5 of Plaintiff's Complaint as and for its answer to paragraph 6 as though fully set forth herein.

7.      U-Haul Co. of New Jersey, Inc. admits that Mr. Cooke, Jr. rented a trailer on July 26, 2007 from U-Haul Shea Stadium on College Park Blvd. in Flushing, NY and that a second trailer was rented to him on July 27, 2007 from U-Haul Cinnaminson in Cinnaminson, NJ. U-Haul Co. of New Jersey, Inc. lacks knowledge and information sufficient to form a belief as to how Mr. Cooke, Jr. was going to use the trailer and therefore denies same. U-Haul Co. of New Jersey, Inc. admits that it is aware of the dangers associated with an improper connection of a trailer to a tow vehicle and the dangers of leasing a trailer that is defective but denies that this particular trailer was improperly connected and/or defective.

8.      U-Haul Co. of New Jersey, Inc. denies the allegations contained in paragraph 8.

9.      U-Haul Co. of New Jersey, Inc. denies the allegations contained in paragraph 9.

10.     U-Haul Co. of New Jersey, Inc. denies the allegations contained in paragraph 10.

11.     U-Haul Co. of New Jersey, Inc. denies the allegations contained in paragraph 11.

12.     U-Haul Co. of New Jersey, Inc. denies the allegations contained in paragraph 12.

13.     U-Haul Co. of New Jersey, Inc. denies the allegations contained in paragraph 13.

14.     U-Haul Co. of New Jersey, Inc. denies the allegations contained in paragraph 14.

**WHEREFORE**, Defendant U-Haul Co. of New Jersey, Inc. respectfully requests that this Honorable Court enter an order granting judgment in favor of Defendant U-Haul Co. of New Jersey, Inc. and against Plaintiff dismissing her Complaint with prejudice and for such other and further relief as this Court deems appropriate and just.

## AFFIRMATIVE DEFENSES

Without prejudice to its denials of the allegations contained in the Complaint, Defendant U-Haul Co. of New Jersey, Inc., without waiving the obligation of Plaintiff to prove every factual element of her claims, as and for its affirmative defenses, states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages may have been caused by acts or omissions of persons over whom U-Haul Co. of New Jersey, Inc. exercised no control and for whose conduct it bears no responsibility.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages may have been caused by an intervening and/or superseding cause.

### FOURTH AFFIRMATIVE DEFENSE

The subject trailer may have been misused or abused either before or at the time of the occurrence of the subject incident by persons not in the control of U-Haul Co. of New Jersey, Inc.

3

## FIFTH AFFIRMATIVE DEFENSE

The subject trailer and its connection to the tow vehicle may have been substantially altered, modified or changed after it left the possession, custody and control of U-Haul Co. of New Jersey, Inc.

## SIXTH AFFIRMATIVE DEFENSE

Any damages and/or injuries which Plaintiff may have suffered were caused by the improper, abnormal, unforeseeable and unintended use of the subject trailer by persons for whom U-Haul Co. of New Jersey, Inc. is not responsible after the trailer left the possession, custody and control of U-Haul Co. of New Jersey, Inc.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff proves that she suffered any injuries, damages or losses, and such injuries, damages or losses were proximately caused by persons other than U-Haul Co. of New Jersey, Inc. including non-parties, any verdict in favor of Plaintiff should be apportioned among all such persons whose acts or omissions are determined to have been a proximate cause of Plaintiff's provable injuries, damages or losses.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff sustained any damages or injuries, which is specifically denied, said damages or injuries were caused or contributed to by the acts, omissions or fault of Plaintiff and if such acts, omissions or faults do not act as a complete bar, then said acts diminish Plaintiff's right to recover any amount based on relative degree of fault.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to mitigate her damages, if any.

4

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be time barred.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint may be barred by failure to join an indispensable party.

## TWELFTH AFFIRMATIVE DEFENSE

Venue may be improper.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff sustained any damages or injuries for which U-Haul International, Inc. is ultimately held responsible, which is specifically denied, U-Haul International, Inc. is entitled to a setoff for any monies received by the Plaintiff from any collateral sources on account of the alleged accident and resulting injury.

## FOURTEENTH AFFIRMATIVE DEFENSE

If the Plaintiff was not wearing seatbelts at the time of the accident, answering Defendant pleads the failure to wear same, or to wear same properly, in mitigation of damages.

Defendant U-Haul Co. of New Jersey, Inc. hereby gives notice that it intends to rely upon such other defenses as may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend its answer to assert any such defense.

5

Dated: New York, New York
      May 19, 2008

                       Respectfully submitted,

                       **GALLO VITUCCI KLAR PINTER & COGAN**

                       *Kevin F. Pinter*

                       KEVIN F. PINTER, ESQ. (KFP-0352)
                       *Attorneys for Defendant*
                       **U-Haul Co. of New Jersey, Inc.**
                       90 Broad Street, 3rd Floor
                       New York, New York 10004
                       (212) 683-7100
                       Our File No.: UH-2008-2

To:

JOSEPH FLEMING, ESQ. (JF-9542)
*Attorney for Plaintiff*
116 John Street, Suite 2830
New York, New York 10038
(212) 385-8036

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK  )


The undersigned being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years and resides in the County of Richmond. That on the 19th day of May, 2008, she served the within **DEFENDANT U-HAUL CO. OF NEW JERSEY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** upon:

JOSEPH FLEMING, ESQ. (JF-9542)
*Attorney for Plaintiff*
116 John Street, Suite 2830
New York, New York 10038


via regular mail by depositing a true copy of same securely enclosed in a post paid wrapper in an official depository under the exclusive care and custody of United States Postal Service within the City and State of New York.

Shamilla Ali

Sworn to before me this
19th day of May 2008

MICHAEL L. MORIELLO
Notary Public, State of New York
No. 02MO6102053
Qualified in New York County
Commission Expires 11/24/2007
2011

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                     DOCKET NO.: 08-CV-1512

DOLORES C. OMOREBOKHAE,

                                   Plaintiff,

        -against-

U-HAUL CO. OF NEW JERSEY, INC., and
U-HAUL INTERNATIONAL, INC.,

                                   Defendants.

## DEFENDANT U-HAUL CO. OF NEW JERSEY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

GALLO VITUCCI KLAR PINTER & COGAN
*Attorneys for Defendants*
90 Broad Street, 3rd Floor
New York, New York 10004
Tel: (212) 683-7100
Fax: (212) 683-5555
File No.: UH-2008-2