UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOLORES C. OMOREBOKHAE,

                Plaintiff,

- against -

U-HAUL CO. OF NEW JERSEY, INC., and
U-HAUL INTERNATIONAL, INC.,

                Defendants.

Docket No. 08-CV-1512

**DEFENDANTS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

---

Defendants U-HAUL CO. OF NEW JERSEY, INC., by and through their attorneys, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby request that Plaintiff DOLORES C. OMOREBOKHAE produce the following documents and things for inspection and copying at the offices of Gallo Vitucci Klar Pinter & Cogan, 90 Broad Street, 3rd Floor, New York, New York 10004, within thirty (30) days of the service hereof.

### I. INSTRUCTIONS

A.    These document requests are continuing in character, so as to require the filing of supplemental answers if further or different information or documents are obtained prior to trial.

B.    Unless otherwise indicated, these document requests refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

C.    In responding to these document requests, furnish all information in your possession, custody or control or your agents, including but not limited to, your attorneys, accountants, investigators or anyone else acting on your behalf.

D.    If any of these document requests cannot be responded to in full, please answer to the fullest extent possible, specifying the reasons for your inability to answer the remainder and stating what information you do have concerning unanswered portions.

E.    As used herein, the term "document" shall mean to include, without limitation, all items which embody any handwritten, typed, oral, visual, or electronic communications or representations, agreements, letters, carbon copies of letters, telegrams, telexes, bulletins, circulars, notices, specifications, invoices, logs, shipment records, waybills, instructions, literature, books, magazines, newspapers, booklets, work assignments, reports, records, bills, motion picture films, video tapes, sound recordings, photographs, studies, surveys, memoranda, memoranda of conversations, notes, notebooks, journals, data sheets, worksheets, calculations, drafts of the aforesaid, computer readable data, and all copies of the aforesaid upon which you have placed any additional marks or notations, in your possession, custody or control.

F.    The term "medical documents" shall be construed in the broadest sense possible, including but not limited to any document prepared by any physician, physical therapist, hospital, clinic, nurse, chiropractor, medical facility or other medical provider not otherwise described herein.

G.    As you used here in the terms "you" and "your" refers to Plaintiff named above and to any and all persons supplying answers to this request for documents and the person supplying answers to the corresponding interrogatories.

H.    The terms "relate to" and "pertaining to" shall mean to consist of, refer to, reflect or in any way be legally, logically or functionally in connection with the matter discussed.

I.    In the event any requested document is not produced because it is not presently in your possession, custody or control or because of a claim of privilege, identify the document by providing the following information:

    (1)    approximate date;

    (2)    type of document (e.g. letter, memorandum, etc.);

    (3)    a general description of its subject matter;

    (4)    identification of author and address, if applicable;

    (5)    present location of custodian; and,

    (6)    any other description necessary to enable the custodian to locate the particular document.

    J.    Wherever used herein the singular shall be deemed to include the plural and the plural shall be deemed to include the singular. The masculine, feminine and neuter pronoun shall be deemed to include each other; the disjunctive "or" shall be deemed to include the conjunctive "and"; and the conjunctive "and" shall be deemed to include the disjunctive "or". Each of the functional words "each", "every", "any", and , "all" shall be deemed to include all the other functional words, as necessary to bring within the scope of this document request any information or documents which might otherwise be construed to be outside the scope.

    K.    The term "subject occurrence" refers to the July 27, 2007 incident which is the subject of Plaintiff's Complaint.

## II. DOCUMENT PRODUCTION REQUEST

    1.    Duly executed and acknowledged written HIPAA compliant authorizations directed to any hospitals, clinic(s), or other health care facility in which the Plaintiff herein is or was confined due to the subject occurrence set forth in the Complaint, so as to permit the securing of a copy of the entire hospital record or records including x-rays, CAT-scans, MRI films or other diagnostic films and technicians' reports by the Defendants.

2. Duly executed and acknowledged HIPAA compliant written authorizations to allow the Defendants to obtain copies of the complete office medical records relating to the Plaintiff from each physician or health care provider who provided treatment to the Plaintiff for any injuries allegedly sustained.

3. In the event the Plaintiff claims exacerbation of a pre-existing injury, demand is hereby made for duly executed and acknowledged HIPAA compliant written authorizations to allow the undersigned to obtain copies of the complete medical records of those physicians, hospitals, health care providers, pharmacy or drug stores, treating and/or prescribing medication to plaintiff with respect to such pre-existing injury.

4. Duly executed and acknowledged HIPAA compliant written authorizations to allow Defendants to obtain complete pharmacy or drug store records with respect to any drugs prescribed for the Plaintiff following the subject occurrence described in the Complaint through the present date.

5. Written accident reports prepared in the regular course of business, including those of any insurance company, claims company or investigating company.

6. Each and every document prepared by any expert retained for the purpose of testifying as to any aspect of this case on your behalf, including but not limited to any and all of said expert's reports, notes, memoranda, or any other documents which form the basis for said expert's opinions.

7. True and correct copies of the current *curriculum vitae* for each and every one of the experts identified in response to the foregoing request.

8. Any and all copies of any photograph, diagram, chart, picture or other depiction of anything relating to the subject occurrence which Plaintiff plans to offer in evidence or use as demonstrative evidence at trial.

9. Any and all copies of signed or unsigned statements, or copy of any recorded statement or document made by or taken from Defendants, their agents, servants or employees with respect to the subject occurrence.

10. Any and all pleadings, including but not limited to any Complaint, Answer, Interrogatories, Interrogatory Answer, Notice to Take Oral Deposition, transcript from any oral deposition, settlement agreement, Release, Stipulation of dismissal, or any covenant not to sue in connection with any action filed by Plaintiff in any court in which Plaintiff has sought damages for any type of personal injury at any time.

11. True and correct copies of any and all medical bills with services rendered to Plaintiff to remedy any injury, illness, ailment or condition, insofar as any medical bill pertains to the subject occurrence.

12. True and correct copies of any and all of Plaintiff's employment records for the period from 2006 to the present, or a duly executed authorization permitting the Defendants' attorneys to obtain copies of the same.

13. Any and all documents relating to Plaintiff's claim for future hospital or medical expenses, if any.

14. Any and all documents recording any communication between you and your employer which describes or otherwise relates to any loss of wages, earnings, profits, benefits or any other form of compensation arising from the subject occurrence.

15. Certified or true and correct copies of all documents drafted, or otherwise recorded, relating to any Worker's Compensation case filed by Plaintiff in connection with the subject occurrence.

16. Certified or true and correct copies of any covenant or lien given by Plaintiff in connection with the subject occurrence.

17. Certified or true and correct copies of each and every local, state and federal income tax form filed by Plaintiff, individually or jointly, for the period from 2006 through the present, inclusive, or duly executed authorizations permitting Defendants to obtain copies of the same.

18. True and correct copies of any written or oral statement, report, or other document from any person which relates to the subject occurrence.

19. Any and all documents used to answer, or identify Plaintiff's answers, to the Defendants' First Set of Interrogatories.

20. Any and all photographs, slides, videotapes or motion pictures taken at the time of, or subsequent to, the alleged occurrence depicting the instrumentalities involved in the accident.

21. A copy of any rental agreement, contract or other written documents completed by Plaintiff on the Defendants' behalf and/or at the Defendants' request.

22. If the Plaintiff claims monetary damages by reason of lost earnings, physician expenses, hospital expenses, or other medical costs, including nursing services, home care, medication or medical apparatus, state the amount of the expenses and the amount received, or the amount which Plaintiff is entitled to receive under any collateral source, including insurance, social security, Medicaid, union benefits, employee benefit plans, Blue Cross/Blue Shield, Major Medical insurance coverage or other disability insurance plans and provide a duly executed authorization for any such collateral source, including the name and address of the collateral source and the policy number of the Plaintiff, if any.

23. True and accurate copies of any reports or other writings prepared by or made to the police or any other governmental officers or agencies in connection with the occurrence alleged in

the Complaint.

24. All photographs of the scene of the incident/occurrence alleged in the Complaint, as said scene existed at the time of the incident/occurrence alleged in the Complaint.

25. All photographs of the Plaintiff depicting the injuries allegedly sustained as a result of the occurrence alleged in the Complaint.

26. If this action involves a loss of services claim, a true and accurate copy of the following:

    (a) With regard to any spouse who is a party to this action, the marriage certificates and any divorce or separation decree(s); and,

    (b) With regard to any infant that is involved in this action, the infant's birth certificate;

27. Any documents containing and/or identifying the names and addresses of each person known and/or claimed by the Plaintiff to be a witness to any of the following:

    (a) The occurrence alleged in the Complaint;

    (b) Any acts, omissions or condition which allegedly caused the occurrence alleged in the Complaint;

    (c) Any actual notice allegedly given to Defendants or their agents, servants or employees, of any conditions which allegedly caused the occurrence alleged in the Complaint;

    (d) The nature and duration of any alleged condition which allegedly caused the occurrence alleged in the Complaint;

    (e) Any repairs, at any time, made to the alleged location/condition which allegedly caused the occurrence alleged in the Complaint;

    (f) The alleged injuries, losses and/or damages.

28. Duly executed and properly addressed authorizations permitting the Defendants to obtain records pertaining to the Plaintiff from each of the collateral sources identified in Plaintiff's

interrogatory answers.

29. A copy of all books, records, bills, insurance applications, insurance receipts, canceled checks, copies of checks, and any and all other records pertaining to collateral source reimbursement received by Plaintiff or on behalf of Plaintiff for the special damages alleged in this lawsuit.

30. True and accurate copies of documentation reflecting income earned by Plaintiff for three (3) years prior, the year of and one (1) year subsequent to the occurrence alleged in the Complaint, including, but not limited to, W-2 Forms, 1099 Forms, and any other indicia of income earned.

31. True and accurate copies of Federal, State and City Income tax returns for Plaintiff for three (3) years prior, the year of and one (1) year subsequent to the occurrence alleged in the Complaint.

32. Duly executed and acknowledged written authorizations and two forms of identification required to permit Defendants to obtain Internal Revenue Service records, documents and returns relative to each Plaintiff for three years prior, the year of and one (1) year subsequent to the date of the occurrence alleged in the Complaint.

33. Duly executed and acknowledged written authorizations required to permit Defendants to obtain the Plaintiff's Workers' Compensation, No-Fault and/or Disability records which pertain to the occurrence alleged in the Complaint and the injuries, damages and/or losses alleged in the Complaint.

34. With respect to any insurance company which provides or will provide to the Plaintiff benefits for any disability relative to the occurrence alleged in the Complaint, duly executed and acknowledged written authorizations required to permit Defendants to obtain the file, relative to the

Plaintiff with regard to said benefits, maintained by said insurance companies. This demand includes, without limitation, reference to those benefits provided under Medicare, Medicaid or similar programs. Said authorizations should include, without limitation, the pertinent file/claim number maintained by said insurance companies.

35.   A copy of any report, notice or claim filed with the Defendants, their employees, servants or agents by or on behalf of Plaintiff.

Dated: New York, New York
       July 18, 2008

>  Yours, etc.,
>
>  **GALLO VITUCCI KLAR PINTER & COGAN**
>
>  _____
>  KEVIN F. PINTER, ESQ. (KFP-0352)
>  *Attorneys for Defendants*
>  90 Broad Street, 3rd Floor
>  New York, New York 10004
>  (212) 683-7100
>  Our File No.: UH-2008-2

To:

JOSEPH FLEMING, ESQ. (JF-9542)
*Attorney for Plaintiff*
116 John Street, Suite 2830
New York, New York 10038
(212) 385-8036

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

      The undersigned being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years and resides in the County of Richmond. That on the 18th day of July, 2008, she served the within **DEFENDANTS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** upon:

JOSEPH FLEMING, ESQ.
*Attorney for Plaintiff*
116 John Street, Suite 2830
New York, New York 10038

via regular mail by depositing a true copy of same securely enclosed in a post paid wrapper in an official depository under the exclusive care and custody of United States Postal Service within the City and State of New York.

                                            Shamilla Ali

Sworn to before me this
18th day of July 2008

MICHAEL L. MORIELLO
Notary Public, State of New York
No. 02MO6102053
Qualified in New York County
Commission Expires 11/24/~~2007~~ 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                              DOCKET NO.: 08-CV-1512

DOLORES C. OMOREBOKHAE,

                              Plaintiff,

-against-

U-HAUL CO. OF NEW JERSEY, INC., and
U-HAUL INTERNATIONAL, INC.,

                              Defendants.

## DEFENDANTS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

GALLO VITUCCI KLAR PINTER & COGAN
*Attorneys for Defendants*
90 Broad Street, 3rd Floor
New York, New York 10004
Tel: (212) 683-7100
Fax: (212) 683-5555
File No.: UH-2008-2